UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAURECIA EXHAUST SYSTEMS INC.,
and FAURECIA SIEGES d'AUTOMOBILES, SA,

      Plaintiffs,

v.                                          Case No. 05-70833
                                              Honorable Patrick J. Duggan

JOHN WALKER,

      Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 7, 2005.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Plaintiffs initiated this diversity lawsuit after Defendant allegedly breached his employment contract. Presently before the Court is Defendant's motion to dismiss for lack of personal jurisdiction, filed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. The Court held a hearing on Defendant's motion on October 6, 2005.

**Factual Background**

Plaintiffs are Faurecia Exhaust Systems, Inc. ("Faurecia USA"), a Delaware Corporation headquartered in Toledo, Ohio, and Faurecia Sieges d'Automobiles ("Faurecia France"), a French Corporation headquartered in Boulogne, France

1

(collectively "Faurecia").  Defendant John Walker currently resides in Bern, Switzerland. Prior to August 2004, Defendant resided in France, where he was employed by Faurecia. Defendant began his employment relationship with Faurecia in 2001.

In April 2001, Defendant lived in Ann Arbor, Michigan, and was working for Ford Motor Company.  At that time, he attended a job interview in Paris, France, for a position as Boulogne-based Vice President, Purchasing of Faurecia's Exhaust Systems Business Group.  In mid-June 2001, Faurecia U.S.A.'s Vice President of Human Resources sent a proposed employment contract to Defendant offering him the position for which he interviewed, with employment to begin as soon as possible.

Defendant accepted Faurecia's employment offer and signed the contract on July 2, 2001.  *See* Resp. Ex. A.  After Defendant accepted the position, he was informed that his salary would be administered in the United States through Faurecia U.S.A. so Faurecia could avoid significant financial burdens imposed by French Social Security, Health Care, and Pension requirements.

From some date after July 2, 2001, until approximately August 12, 2001, Defendant worked at Faurecia U.S.A.'s headquarters in Toledo, Ohio.  During that time, Defendant traveled from his home in Ann Arbor to Toledo for work.  By August 12, Defendant had sold his home in Ann Arbor, Michigan, and was ready to move his family to Paris, France.  He thereafter began working at Faurecia France's world headquarters.

From August 12, 2001 until March 2004, Defendant served as Faurecia's Vice President, Purchasing, Exhaust Business Group.  In March 2004, Defendant was offered

and he accepted the position of Faurecia's Vice President, Purchasing, Components Business Group, also at Faurecia France's Boulogne headquarters. Defendant signed a second employment contract with Faurecia with respect to this position, although the contract provided that Defendant's initial agreement remained in effect. *See* Compl. Ex. B ¶ 1.

On May 28, 2004, Defendant notified Faurecia, in writing, of his intention to resign. Defendant stopped working for Faurecia on August 27, 2004. Defendant thereafter accepted a position with a company in Switzerland, where he now resides.

During his employment with Faurecia, Defendant traveled on several occasions from France to Toledo, Ohio. *See* Resp. Ex. G. During one of these trips, he had lunch in Dearborn, Michigan, with individuals from Ford Motor Company. *See id*. (Expense Report for 5/6/03). In March 2004, Defendant traveled from Paris to Detroit. *See id*. (Expense Report for 3/8/04-3/12/04). During that stay, Defendant had dinner in Dearborn, Michigan. *See id*. Defendant claims, however, that he had no employment responsibilities in the United States during his employment with Faurecia. *See* Mot. Ex. 1 ¶ 13.

## Standard for Rule 12(b)(2) Motion

The plaintiff has the burden of establishing a court's jurisdiction over a defendant. *See Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)(citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785 (1936)). Where the defendant's motion to dismiss for lack of personal jurisdiction is supported by affidavits,

the plaintiff "by affidavit or otherwise must set forth specific facts showing that the court has jurisdiction." *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974). If the defendant's motion is decided solely on the basis of these materials, the plaintiff need only make a *prima facie* showing of jurisdiction in order to defeat the defendant's motion.[1] *See id*. "Under these circumstances, the burden on the plaintiff is relatively slight and the district court 'must consider the pleadings and affidavits in the light most favorable to the plaintiff.'" *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)(quoting *Poston v. Am. President Lines, Ltd.*, 452 F. Supp. 568, 571 (S.D. Fla. 1978)). A *Prima facie* showing requires the plaintiff to "'demonstrate facts which support a finding of jurisdiction ...'" *Id*. at 438 (quoting *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).

## Applicable Law

In a diversity case, a federal court only may exercise personal jurisdiction "if such jurisdiction is (1) authorized by the law of the state in which the court sits; and (2) is otherwise consistent with the Due Process Clause of the Fourteenth Amendment." *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003)(citation omitted). Under Michigan law, personal jurisdiction over a non-resident defendant can be invoked either via the State's general or limited jurisdiction statutes. *Electrolines, Inc. v. Prudential Assur. Co.*, 260

---

[1]Alternatively, if the court concludes that the written materials raise issues of credibility or disputed issues of fact, a preliminary hearing may be held. *Am. Greetings Corp. v. Cohen*, 839 F.2d 1164, 1169 (6th Cir. 1988). In that case, the plaintiff must show by a preponderance of the evidence that jurisdiction exists. *Id*.

Mich. App. 144, 166, 677 N.W.2d 874 (2003)(citation omitted). Defendant was neither present in Michigan nor domiciled in Michigan when he was served. *See* MICH. COMP. LAWS ANN. § 600.701 (Michigan's general personal jurisdiction statute). Defendant also has not consented to this Court's jurisdiction. *See id*. Thus jurisdiction over Defendant must be based on Michigan's limited jurisdiction statute.

With respect to individual defendants, Michigan's limited jurisdiction statute provides:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> (1) The transaction of any business within the state.
>
> (2) The doing or causing an act to be done, or consequence to occur, in the state resulting in an action for tort.
>
> (3) The ownership, use, or possession of real or tangible personal property situated within the state.
>
> (4) Contracting to insure a person, property, or risk located within this state at the time of contracting.
>
> (5) Entering into a contract for services to be rendered or for materials to be furnished in the state by defendant.
>
> (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.
>
> (7) Maintaining a domicile in this state while subject to a

> marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

MICH. COMP. LAWS ANN. § 600.705. Pursuant to this section, a court may exercise jurisdiction over a non-resident individual defendant if the plaintiff's cause of action arises from one of the seven acts or relationships set forth in the statute. *See id.*

Section 600.705 has been interpreted broadly, limited only by constitutional concerns of due process under the Fourteenth Amendment. *See Theunissen*, 935 F.2d at 1459. Nevertheless the Court does not find any connection between the act forming the basis of Faurecia's claims– i.e. Defendant's alleged breach of the employment contracts by failing to provide adequate notice– and any of the relationships or acts set forth in the statute. While Defendant previously lived in Michigan, executed his first employment contract with Faurecia while living in Michigan, dined in Michigan on one or two occasions, and traveled to Michigan on one occasion, his alleged breach of the employment contract did not "aris[e] out of" any of these activities. MICH. COMP. LAWS ANN. § 600.705.

Only two of the seven subsections in Section 600.705 could possibly apply to this case; however neither subsection is satisfied by the facts presented in Faurecia's complaint or pleadings. Plaintiffs do not set forth any evidence to suggest that Defendant transacted any business within the State. MICH. COMP. LAWS ANN. § 600.705(1). While Defendant entered into a contract for employment with Faurecia while living in Ann Arbor, Michigan, the contract did not require Defendant to provide services or materials

in the State. MICH. COMP. LAWS ANN. § 600.705(5).

But even if Michigan's long arm statute was satisfied, the statute– as mentioned above– is limited by constitutional concerns of due process under the Fourteenth Amendment. *See Theunissen*, *supra*. Due process requires the plaintiff to establish a defendant's minimum contacts with the forum sufficient to comport with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945). Michigan courts require satisfaction of the same three criteria as the Sixth Circuit to find that a non-resident defendant has had sufficient contacts with a forum to support personal jurisdiction. *See Green v. Wilson*, 455 Mich. 342, 363, 565 N.W.2d 813 (1997); *Youn*, 324 F.3d at 418. These three criteria are as follows:

> (1) "the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state;" (2) "the cause of action must arise from the defendant's activities there;" (3) "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."

*Id*. (quoting *Southern Mach. Co. v. Mohasco Indus.*, 401 F.2d 374, 381 (6th Cir. 1968)); *Green*, 455 Mich. at 363, 565 N.W.2d at 822 (citation omitted).

To determine if a non-resident defendant purposefully availed himself of the privilege of acting in the forum or caused a consequence in the forum, the court must examine the content of the defendant's contacts with the forum. "'It is the 'quality' of [the] contacts,' and not their number or status, that determines whether they amount to

purposeful availment." *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1265 (6th Cir. 1996)(quoting *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1119 (6th Cir. 1994)). Jurisdiction is not proper where the defendant's contacts with the forum are "random," "fortuitous," or "attenuated," or a result of the "unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183 (1985)(citations omitted). "Jurisdiction is proper, however, where the contacts proximately resulted from actions by the defendant *himself* that creates a 'substantial connection' with the forum state." *Id.*, 105 S. Ct. at 2183-84 (emphasis in original). In other words, "[w]here a defendant 'deliberately' has engaged in significant activities within a State or has created 'continuing obligations' between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there." *Id.* at 476, 105 S. Ct. at 2184.

The Court does not find Defendant's residence in Michigan at the time he entered an employment contract with Faurecia sufficient to establish purposeful availment of this forum, as the Sixth Circuit has found that "a contract with an out-of-state party, standing alone, is not sufficient to establish minimum contacts." *Reynolds v. Int'l Amateur Athletic Foundation*, 23 F.3d 1110, 1118 (6th Cir. 1994). Instead the court must evaluate "'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing . . .'" *Id.* (quoting *Burger King Co. v. Rudzewicz*, 471 U.S. 462, 479, 105 S. Ct. 2174, 2185 (1985)). The present case is analogous to *Reynolds*, where the Sixth Circuit found that the District Court for the

8

Southern District Court of Ohio lacked personal jurisdiction over the defendant where "there [was] no real evidence that a contract was negotiated in Ohio, created in Ohio, performed in Ohio, or breached in Ohio." 23 F.3d at 1118.

Here, the parties did not negotiate Defendant's employment contract in Michigan and Defendant did not sign the contract in Michigan. The employment contract does not contemplate any future consequences in Michigan. Defendant was not hired to work in Michigan and Defendant did not have any job responsibilities with respect to Michigan. The Court does not believe that Defendant's single trip to Michigan in March 2004 and/or his dinner in Michigan on one occasion in May 2003, establish purposeful availment of the privilege of acting in this forum. Plaintiffs' counsel pointed out at the hearing that the contract was sent to Plaintiff in Michigan; however that conduct– i.e. sending the contract– was an act by Plaintiffs, not Defendant.

As to the second criteria– that the cause of action must arise from the defendant's activities within the forum– "[t]he law of this circuit is that the 'arising from' requirement is satisfied if the cause of action is 'related to' or 'connected with' the defendant's forum contacts." *Youn*, 324 F.3d at 419 (quoting *Third Nat'l Bank of Nashville v. WEDGE Grp., Inc.*, 882 F.2d 1087, 1091 n.2 (6th Cir. 1989)). Stated differently, "[a]n action will be deemed not to have arisen from the defendant's contacts with the forum state only when they are unrelated to the operative facts of the controversy." *Creech v. Roberts*, 908 F.2d 75, 80 (6th Cir. 1990). Here, Defendant's alleged breach of the employment contract is not 'related to' or 'connected with' his activities in the forum. Notably, the

9

position from which Defendant resigned in May 2004, was a position he was offered and which he accepted while living in France and the employment contract was negotiated and executed in France.

Finally, as to the third criteria, the following factors are relevant to the court's determination as to whether the exercise of jurisdiction over the defendant would be reasonable: (1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; and (3) the plaintiff's interest in obtaining effective relief. *Youn*, 324 F.3d at 419 (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113, 107 S.Ct. 1026 (1987)). These factors suggest that it would not be reasonable for this Court to exercise jurisdiction over Defendant.

First, Faurecia's choice of forum most likely creates a significant burden for Defendant who now resides and works in Switzerland. While Defendant may have traveled to the United States with respect to his position with Faurecia, there is no evidence that he currently travels to the United States for business or pleasure.[2] The Court does not believe Michigan has any interest in adjudicating the parties' dispute. Faurecia U.S.A. is a Delaware corporation headquartered in Ohio. Faurecia France is a French Corporation. While Defendant is a citizen of the United States and previously lived in this forum, he resides in Switzerland and has not lived in the United States since mid-August 2001. Defendant's employment contracts have no connection with this

---

[2]Additionally, it appears the trips Defendant previously made to the United States generally were to Toledo, Ohio.

forum.  As to Faurecia's interests in obtaining effective relief, the Court sees no reason why this forum– where Defendant's contacts are minimal at best– is preferable to France or Ohio– where Defendant's contacts with the forum clearly are stronger.

For the above reasons, the Court finds that Faurecia has not met its burden of establishing this Court's jurisdiction over Defendant.  The facts of this case do not satisfy the requirements of Michigan's long arm statutes.  Additionally, the Court concludes that Defendant's contacts with the forum are insufficient to satisfy the Fourteenth Amendment's Due Process Clause.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to dismiss for lack of personal jurisdiction is **GRANTED**.

_____
s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Andrew T. Baran, Esq.
William A. Moore, Esq.